People v Ramirez (2025 NY Slip Op 51597(U))

[*1]

People v Ramirez

2025 NY Slip Op 51597(U)

Decided on October 10, 2025

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Renee Ramirez, Defendant.

Docket No. CR-007209-25BX

Defendant: The Legal Aid Society by Addison Jeske, Esq.
People: Bronx County District Attorney's Office by ADA Andrew Chen.

Daniel M. Lewis, J.

Defendant is charged by information with one count of criminal possession of a controlled substance in the seventh degree pursuant to PL § 220.03, a class A misdemeanor punishable by up to 364 days in jail, and one count of harassment in the second degree pursuant to PL § 240.26 (1), a violation punishable by up to 15 days in jail. The information alleges that on March 14, 2025, Defendant Ramirez knowingly and unlawfully possessed cocaine, crack cocaine and heroin when he approached the complaining witness's vehicle, argued with the occupants and pulled on the door handle while impeding the flow of traffic. 
On August 14, 2025, Defendant moved to dismiss the case pursuant to CPL §§ 170.30 (1) (e) and 30.30, arguing that the People's certificate of compliance (COC) was invalid; that the statement of readiness (SOR) was illusory; and therefore, the People have exceeded the statutorily prescribed speedy trial time of 90 days.
For the reasons explained below, Defendant's motion to find the People's COC invalid and the SOR illusory is GRANTED. Accordingly, Defendant's motion to dismiss the accusatory instrument pursuant to CPL §§ 170.30 (1) (e) and 30.30 is also GRANTED.
 PROCEDURAL HISTORY
On March 15, 2025, Defendant was arraigned on the criminal complaint. On April 23, 2025, the People filed a supporting deposition and a lab report. On April 25, 2025, the complaint was deemed an information and Defendant was arraigned on the information.
On June 4, 2025, the People filed a COC and SOR. On June 16, 2025, and June 18, 2025, counsel for Defendant raised objections with the People over email, a record of which was provided to the Court with Defendant's motion papers. On June 17, 2025, the matter was adjourned to July 25, 2025, for a discovery conference. On June 18, 2025, the People filed their [*2]first supplemental COC (SCOC) off-calendar. On July 3, 2025, the People filed their second SCOC off-calendar. On July 16, 2025, counsel for Defendant outlined their objections to the COC in a letter to the People that was filed with the Court off-calendar. On July 25, 2025, the discovery conference was held in Part AP5, Defendant was granted the instant motion schedule, and the matter was adjourned to October 10, 2025, for decision.

DISCUSSION

I. Motion to Dismiss the Accusatory Instrument
A motion to dismiss must be granted where the People are not ready for trial within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months, and none of which is a felony" (CPL §§ 30.30 [1] [b], 170.30 [e]).
This case commenced on March 15, 2025, with the filing of a misdemeanor complaint in which the highest charged offense was an A misdemeanor, punishable by up to 364 days in jail (PL § 70.15 [1]). The parties agree that the People had 90 chargeable days from March 15, 2025, to be ready for trial.
At issue is the validity of the COC filed on June 4, 2025. If valid, the filing of the COC and SOR would have resulted in 80 days of speedy trial time chargeable to the People. Without a valid COC, however, the accompanying SOR would be a nullity and ineffective to stop the "speedy trial" clock (CPL §§ 30.30 [5], 245.50 [3]; People v Bay, 41 NY3d 200, 206 [2023]). Defendant contends that the SOR filed on June 4, 2025, was illusory because it was not accompanied by a valid COC. Thus, Defendant states that 95 days are chargeable to the People.[FN1]
The People argue that the COC was valid, the SOR was not illusory, and only 81 chargeable days have elapsed.[FN2]

To decide on the validity of the COC, this Court must determine whether the People made "a diligent, good faith effort" to learn of existing discoverable materials and make such materials available to Defendant (CPL § 245.20 [2]). On a motion challenging the validity of a COC, "the People bear the burden of establishing that they did, in fact, exercise due diligence and make reasonable inquiries prior to filing the initial COC" (Bay, 41 NY3d at 212). "[P]ost-filing disclosure and a supplemental COC cannot compensate for a failure to exercise due diligence before the initial COC is filed" (id.). Thus, the People must demonstrate their efforts to determine the existence of the belatedly disclosed materials before filing the initial COC (id.; People v Baker, 229 AD3d 1324, 1326 [4th Dept 2024]).
The Court of Appeals in Bay identified factors as relevant to the analysis of whether the People exercised due diligence in the filing of their COC (Bay, 41 NY3d at 212). In August 2025, the Legislature amended Article 245 of the CPL governing discovery wherein they codified some of the Bay factors and added others for courts to consider. The Legislature first instructs courts when determining a party's due diligence to consider "the totality of the party's efforts to comply with the provisions of [Article 245], rather than assess the party's efforts item [*3]by item" (CPL § 245.50 [5]). The factors put forth by the Legislature
include, but are not limited to: the efforts made by the prosecutor to comply with the requirements of this article; the volume of discovery provided and the volume of discovery outstanding; the complexity of the case; whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed; the explanation for any alleged discovery lapse; the prosecutor's response when apprised of any allegedly missing discovery; whether the belated discovery was substantively duplicative, insignificant, or easily remedied; whether the omission was corrected; whether the prosecution self-reported the error and took prompt remedial action without court intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial (CPL § 245.50 [5] [a]).
Here, Defendant asserts that that the People's COC was invalid and the accompanying SOR thus illusory as demonstrated by belated disclosure of the following items:
• 911 materials which include the 911 call recording, heading, certification, NYPD radio run recordings and the SPRINT report
• Arrest packet comprised of the arrest report, evidence vouchers, property vouchers, body-worn camera checklist, arrest checklist, entity summary report, ICAD report, command log, prisoner movement slip, prisoner pedigree card, prisoner holding pen roster and a photo of the controlled substances taken by an NYPD official
• Two IAB logs containing substantiated and unsubstantiated allegations against NYPD Criminalist Krystal Anderson, who was designated by the People as a testifying law enforcement witness
• DA's form to request laboratory testing of the controlled substances
• Record of judgments of conviction for a testifying civilian witness, Nicole DeChabert
The People convincingly argue that the laboratory request form is not subject to automatic discovery, and it is true that the discovery rules do not require an affirmative negative statement for nonexistent items, here Nicole DeChabert's judgments of conviction. However, as explained below, an assessment of the "totality of the [People's] efforts" nonetheless shows that they did not exercise the requisite due diligence required for COC validity (CPL § 245.50 [5]; see also People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]).
II. Motion to Invalidate the People's COC
In the instant case, the amount of discovery not provided prior to filing the COC, the straightforward nature of the charges, the absence of any legitimate explanation for the oversight, the People's failure to identify and proactively remedy any missing item, and the resulting prejudice to Defendant combine to show a lack of due diligence. The arrest packet alone contained 13 items subject to automatic discovery, including items of heightened evidentiary value in a drug case. The People's initial discovery disclosure also omitted the IAB logs reflecting substantiated and unsubstantiated findings for the NYPD Criminologist. [*4]Additionally, the People failed to timely remit the correct 911 call recording with its supporting documents.[FN3]

To be sure, the People provided substantial discovery prior to filing the COC and this Court agrees that the law does not anticipate a "perfect prosecutor" (People v Erby, 68 Misc 3d 625, 633 [Sup Ct Bronx County 2020]; People v Gonzalez, 68 Misc 3d 1213 (A), *1, 3 [Sup Ct Kings County 2020]; People v Georgiopoulos, 71 Misc 3d 1215 (A), *2 [Sup Ct Queens County 2021]). However, the amount of untimely discovery here falls well outside tolerable boundaries. Moreover, the instant matter is neither a complex case nor was the missing discovery unusual in this situation. Instead, the opposite is true. A reasonably prudent prosecutor should know that discovery in a routine drug possession case would include not only items found in almost all criminal cases such as an arrest report, but also easily foreseeable items for this particular case such as evidence vouchers and photographs of the alleged illicit substances. Yet, those items among others were not turned over prior to the People filing their COC.
Compounding the problem, the People never caught or self-reported any of their own mistakes. Instead, it was counsel for Defendant who identified every oversight.[FN4]
Given the quantity and quality of the missing discovery, it should have been obvious to a reasonably prudent prosecutor that Defendant was missing multiple, important, automatically discoverable items. The updates to CPL 245.50 do obligate defense counsels to raise discovery issues, but it primarily remains the People's duty to proactively identify, gather, and remit the automatic discovery owed. Moreover, when the missing items were brought to the People's attention, the only explanation given for the arrest packet and 911 materials was "inadvertent oversight." That may suffice for one or two minor mistakes, but it cannot excuse significant untimely disclosures with presumably no safeguards in place or subsequent case file reviews to catch glaring errors, as seems to have occurred here.
The People posit that their rapid responses to defense counsel's objections should effectively address concerns regarding untimely disclosure. To a reasonable extent, this is true. The People's prompt, comprehensive response to a few errors should not normally be held against them. However, at some point a glut of remedial measures serves the opposite purpose — to highlight the want of due diligence that occasioned the need for such reactions. Here, the correct 911 materials and Criminalist Anderson's IAB logs were received and promptly turned over within mere days of the People's request or follow up. The arrest packet was turned over the same day counsel for Defendant pointed out it was missing. The People argue this shows compliance. This misses the mark. Instead, it is precisely the speed with which this substantial amount of discovery was remitted once requested that shows how easily the People could have [*5]complied with their CPL 245.20 obligations. Again, a cursory review of the case file prior to filing the COC would have revealed the multiple missing items, which the extant timeline shows would have then been addressed within one or two days. As is, the People chose to be reactive, depending on counsel for Defendant to raise objections which they could then correct. Here, the ease with which the record shows that problem could have been timely corrected, coupled with the amount of missing discovery, points directly to a lack of due diligence prior to COC filing.
Nor can it be said that Defendant suffered no prejudice due to the omission of these items. Indeed, defense counsel's investigation and preparation would have been significantly delayed from the outset, as neither the basic police paperwork nor the correct 911 recording had been provided. For example, no chain of custody issue could be identified without the evidence vouchers. No comparison could be made of the substance tested against the substance recovered without the photographs taken on scene. Neither could defense counsel have a meaningful discussion with Defendant about the merits of the case or effectively advise him whether to accept the People's plea offer without the above. Additionally, defense counsel could not prepare for trial without the impeachment material for the People's testifying law enforcement witness, Criminalist Anderson, particularly given that the IAB found that she disregarded rules and procedures, and her role in the instant case was to follow rules and procedures for the testing of the controlled substances. Thus, the above shows that the People's lack of due diligence prejudiced the Defendant and his attorney's ability to effectively prepare a defense and counsel his client.

CONCLUSION
For the reasons above, an assessment of the "totality of the People's efforts" shows that the People failed to evince the due diligence required under CPL § 245.50(5) and People v. Bay and its progeny.
Therefore, the People's COC filed on June 4, 2025, is invalid and the SOR filed on the same date is thus illusory. The total chargeable time exceeds 90 days, the time permitted by statute. As such, Defendant's motions to dismiss the accusatory instrument pursuant to CPL §§ 30.30 and 173.30 (1) (e) is GRANTED.
The foregoing constitutes the decision and order of the Court.
Dated: 10 October 2025
Bronx, New York
DANIEL M. LEWIS, J.C.C.

Footnotes

Footnote 1:The Court calculates 94 days in this instance.

Footnote 2:The Court calculates 80 days in this instance.

Footnote 3:The 911 recording and materials that the People timely turned over were for an unrelated matter, clearly showing that the People did not review these materials before sending them to counsel for Defendant. 

Footnote 4:Assuming the same time delays between COC filing date, defense counsel's initial objections (12 and 14 days later) and the People's initial response (within 24 to 48 hours), had the People complied with the CPL § 245.10 (1) (a) timing provision, there would have only been 80 days of chargeable time. Instead, the People did not provide Defendant with initial discovery and file a COC until the 80th day.